(No. 75-CV-37—)

Emma B. Ruehl, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 13, 1975.*

Emma B. Ruehl, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on June 10, 1974, in a parking lot at 7601 South Cicero Avenue, Chicago, Illinois. Emma B. Ruehl, the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat, 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the victim, Emma B. Ruehl, age 81, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (Ill. Rev. Stat., 1973, Ch. 38, §12-4).

2. That on June 10, 1974, the victim was knocked to the ground during a purse-snatching attempt at the Ford City Shopping Center parking lot, 75th Street and Cicero Avenue.

3. That the victim was hospitalized from June 10,

1974, to July 4, 1974, and received treatment for injuries sustained in her fall. She also received post-operative care at a nursing home. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated by this opinion by reference.

4. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon her.

5. That there is no evidence that the victim and her assailant were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance in the investigation of this case.

7. That the assailant has not been identified nor apprehended.

8. That the victim was not employed during the 6 months preceding the incident, and thus has incurred no loss of earnings.

9. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits or benefits of any other kind, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $3,775.61 |
| 2) | Medical | $1,175.00 |

$4,950.61

10. That in determining the amount of compensa-

tion to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State of Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant received medicare benefits in the amount of $3,759.61, and insurance payments from CNA Insurance totalling $240.00, and from the Prudential Insurance Company totalling $573.00. These amounts, plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant of $178.00.

IT IS HEREBY ORDERED that the sum of $178.00 (ONE HUNDRED AND SEVENTY EIGHT DOLLARS) be awarded to the claimant, Emma B. Ruehl, as the innocent victim of a violent crime.